

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33264 |
| | ) | |
| JARROD P. SIROIS, | ) | **Filed: February 10, 2015** |
| | ) | |
| Defendant-Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Circuit Judge

**<u>AFFIRMED</u>**

After being convicted of murder in the first degree and armed criminal action, Jarrod P. Sirois ("Appellant") brings one point challenging the trial court's limitations on his counsel's questions during voir dire. Because the trial court is vested with wide discretion in the conduct of voir dire, we find no error and affirm.

"A trial judge is in the best position to determine whether a disclosure of facts on voir dire sufficiently assures the defendant of an impartial jury without permitting a prejudicial presentation of the evidence." *State v. Lutz*, 334 S.W.3d 157, 163 (Mo.App. S.D. 2011) (internal quotations and citation omitted). The court "may exclude questions

1

which are open-ended inquiries into a venire member's beliefs, misstate the law, arguably seek commitments from the jury panel, or confuse or mislead the venire members." *Id.* (internal quotations and citation omitted). We review for an abuse of discretion and will reverse only upon a showing of a real probability of injury to the complaining party. *Id.* In this case, we affirm because there has been no showing of a real probability of injury to Appellant.

Appellant was charged with murder in the first degree and armed criminal action. The victim was killed by a blunt force trauma to the head. He was repeatedly struck with a blunt object that caused "catastrophic injuries" to the head and resulted in brain injuries causing death. There was blood on the wall and on the ceiling above him. After the police received information leading them to Appellant, they found him in a hotel refusing to answer the door. Appellant was lying in a fetal position in front of the door, covered in blood, and there was a lot of blood on the bed. He had written a suicide note suggesting the police look to another person for assaulting the victim with a bat. The police obtained a duffel bag from the motel room containing shoes with a blood stain that matched the blood of the victim.

Appellant ultimately admitted to killing the victim by striking him with a pipe in an effort to steal the heroin that was hidden under the couch cushions. Later, after the interview, Appellant was booked in jail. He called his mother and said: "I need to get it off my chest. I killed Robbie . . ." or "Robert . . . with a pipe. I didn't know he was dead at the time. I thought he was still breathing when I left him." He added, "I hit him over the head because I wanted his dope."

2

Appellant's attorney admitted at the beginning of voir dire that it was not a case in which the jury would have to decide whether Appellant was guilty or innocent but that they had to decide whether he committed murder in the first degree or murder in the second degree. The prosecutor objected and the court responded "[l]et's get to the questions." When counsel for Appellant asked if anybody "feels the same," the State objected, "It's improper to ask jurors who feels like other jurors." Defense counsel was told to rephrase his question and asked, "[d]oes anybody have the same opinion?" A juror expressed, "it just kind of makes me wonder what we're all here for." When defense counsel again asked if "[a]nybody else with the same opinion?" the State objected that it was "irrelevant to the qualifications as jurors."

Ultimately the court stopped the questioning and stated:

> Again, before we get started, look, it's not whether you are more or less sympathetic. It's about whether you can listen to all the evidence and render a judgment and a decision based on what the evidence is. I don't -- you obviously picked up -- I don't like the way you are trying to lead these questions, because everybody has a problem with the photographs, everybody has a problem with this or that.

Defense counsel responded " And when I go to use my peremptory strikes, I need to know what their biases and their opinions are." He further stated, "I can simply ask every juror if they can follow the rules, but that doesn't help me use my peremptory strikes to know what their biases and experiences are which the law says I have a right to do." The court reiterated, "you know, the real thing we're after is: Does that experience of that relative affect her ability to weigh the evidence in this case fairly and impartially."

Appellant argues that it is deeply ingrained in Missouri law that "a liberal latitude is allowed in the examination of jurors on their voir dire." *State v. Granberry*, 484 S.W.2d 295, 299 (Mo. banc 1972) (internal quotations and citation omitted). He then

3

argues that he was simply trying to explore the venirepersons' bias and prejudice about drug use and the use of a defense that admitted culpability in a homicide but not to the level of first-degree murder. Although it appears the trial court interjected itself in what may have been an unnecessarily heavy hand into the voir dire at certain points in the questioning, ultimately, the defense was able to ask similar questions in a different manner. The court informed the defense attorney that it sustained objections to questions because they started off with,

> "Does anyone have a problem with if there's drugs" or whatever. When you use the -- starting with, "Does anyone have a problem," the hands start going up, well, yeah, we have a problem, and then get into this real minute stuff.
> What you are really trying to find out is: Will any of their past experiences with relatives and drugs have an impact -- not whether it's a problem for them, but whether it will have an impact on their ability to be fair and impartial.

Appellant does not point to any information that he sought that he ultimately was not able to obtain from the panel; he has not pointed to any prejudice to him from the limitations set forth by the trial judge. The point is denied. The judgment is affirmed.


Nancy Steffen Rahmeyer, J.  - Opinion Author

Don E. Burrell, J. - Concurs

Mary W. Sheffield, P.J. - Concurs